[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action has been instituted by the plaintiff, Virginia Delorenzo, seeking a legal separation from her husband, the defendant, Donald Delorenzo. The parties married on May 5, 1962. The wife is 55 years old and the husband is 59 years old. They have resided in Connecticut for more than one year prior to the CT Page 7861 institution of this action and the court has jurisdiction over the marriage. Neither party has received public assistance. There are four children issue of the marriage. All the children have reached majority age, except Stacy, who was born on April 12, 1982. The parties' marriage has irretrievably broken down and the court issues an order of legal separation.
The wife is a high school graduate. She has severe medical problems. As a result of a work related fall, she suffers a disability of her cervical spine. She also suffers from kidney stones which have caused her to have four kidney stone operations and lengthy hospital stays since April 1997. She testified that she presently has another kidney stone causing her pain and discomfort and for which she is receiving medication. She hopes that this recent kidney stone will not require further surgery, but this is a possibility. Her doctor has also recommended that she receive a hysterectomy.
As a result of the physical limitations caused by these medical problems and her limited education and employment skills, her recent employment has been and continues to be uncertain and unsteady. In January 1998, she obtained a position with Pediatric Dental Associates working 20 hours per week at the rate of $12 per hour. Thus her financial statement indicates that her gross weekly earnings are $240 and her net weekly earnings are $192.71. She testified that at this time, she cannot work a full time job, but believes that she can work up to 30 hours a week.
The husband is a college graduate and holds a seventh year certificate from the Southern Connecticut State University. He is in good health and works as a guidance counselor at Dodd Middle School. He also receives income from three weeks of summer employment. According to his financial statement he has weekly gross earnings of $1220 and weekly net earnings of $834.
The evidence establishes that the parties' marital difficulties occurring during the later years of their marriage were caused by child rearing, communication, and financial conflicts. Both parties agree that they had serious disputes about the children, and that Stacy and her older sister, Christine, have caused them significant problems. The evidence indicates that the wife is very strict, even caustic, in her dealings with the children. This stern approach is at odds with the husband's child rearing approach which the wife characterizes as being too tolerant and conflict avoiding. The husband admits CT Page 7862 that he is "child centered" and that the children caused divisions between them. The issue reached a turning point in July 1996 when an argument between the wife and Stacy created such turmoil that the husband ordered the wife to leave the home and return when Stacy leaves for college. The wife left, but declined to return on this condition and instituted this lawsuit.
The wife insists that the husband's reaction to the July 1996 incident illustrates how he has prioritized his daughter over her. The husband, on the other hand, insists that his actions were necessary for Stacy's well being and that the wife is jealous of his relationship with the children, especially Stacy, without cause. The court does not find it necessary to issue a finding adopting either of these positions as there is evidence supporting both of them. The husband has overly pampered and indulged Stacy and the wife's manner of dealing and communicating with Stacy has alienated Stacy from her. In may also be the case that Stacy has responded to the situation by acting out and pitting the parents against each other, but the court is not required to make a dispositive finding on this issue either. The court finds that both parties contributed to the breakdown of their marriage. Although the court does not primarily attribute the cause of the irretrievable breakdown of the marriage to either party, the court does place emphasis on the husband's failure to fully or aggressively pursue positive engagement of the entire family in an effort to address the problems, constructively before demanding the wife's departure. There is evidence that immediately after the July 1996 incident, therapy was sought for Stacy, but the evidence fails to indicate that therapeutic intervention was sought for the entire family in a serious effort to maintain the family unit.
The court has carefully considered the evidence, the parties' proposed orders and post-trial submissions, and the statutory criteria regarding the granting of a legal separation, the awarding of custody and visitation, the awarding of alimony and the dividing of assets and liabilities, including attorneys' fees. The court issues the following orders:
1. Legal Separation. A decree of legal separation is hereby ordered.
2. Custody and Visitation. The parties shall share joint legal custody of the minor child and her primary physical residence shall be with the husband. The wife shall have CT Page 7863 reasonable, flexible and liberal visitation.
3. Child Support. The wife shall pay child support of $40 a week which shall be applied as a credit against the periodic alimony to be paid by the husband as ordered below. The payment of this child support as a credit against the alimony shall cease when either the child support obligation ceases or when the alimony obligation ceases. The court finds a reason to deviate from the child support guidelines based on the wife's unclear and uncertain medical conditions affecting her working ability and her working capacity. On one hand she is presently working only 20 hours a week, but her testimony indicates that she believes she can work up to 30 hours a week. On the other hand, the evidence also establishes that her medical condition is sufficiently uncertain that her working ability may be interrupted or adversely impacted at any time.
4. Medical Insurance. The husband shall maintain medical insurance for the benefit of the wife and minor child as available through his employment. The husband shall pay for any unreimbursed or uncovered medical expenses for the minor child.
5. Life Insurance. The wife may purchase and pay the premium for a life insurance policy on the life of the husband naming herself as the beneficiary and the husband may purchase and pay the premium for a life insurance policy on the life of the wife naming himself as the beneficiary. The wife and the husband shall cooperate and comply with any physical exam that may be required.
Should life insurance become available to the wife through her employment, she shall name the minor child as beneficiary until the child becomes 19 years old or graduates from high school whichever occurs first.
The husband shall pay for and maintain his existing insurance with a face amount of at least $100,000 naming the minor child as beneficiary until she becomes 19 years old or graduates from high school whichever occurs first. The husband shall pay for and maintain his existing insurance with a face amount of at least $80,000 naming the wife as beneficiary for so long as his obligation to pay alimony exists.
6. Alimony. The husband shall pay the wife $350 per week as periodic alimony. This $350 amount shall be reduced by the sum of $40 per week in consideration of the wife's obligation to pay CT Page 7864 child support for an effective payment of periodic alimony from the husband to the wife of $310 per week. Said periodic alimony may be paid biweekly. This alimony shall terminate upon the death of either party, the wife's remarriage, or the wife's cohabitation as defined by statute.
7. Real Property. The wife shall tender a quit claim deed in favor of the husband in escrow pending the husband's refinance of the existing mortgages within 120 days from date of this order and the payment from the husband to the wife the sum of $50,000.
The wife shall retain sole ownership of 1400 Hartford Turnpike, Unit 10, North Haven, Connecticut, and she shall be responsible for the all expenses, liabilities, repairs and maintenance of this property.
8. Bank Accounts. The wife shall keep the bank accounts shown on her financial statement in the total amount of $2,635 and the husband shall keep his bank accounts shown on his financial statement in the total amount of $1,180. The husband shall also retain the $30,000 being held in escrow representing inheritance from the husband's mother and the $4,700 tax refund as shown on his financial statement (except to the extent the husband chooses to use or is required to use these funds to make the $50,000 payment to the wife under paragraph 7 above.)
9. Stocks and Bonds. The wife shall keep the following stocks or bonds: Eurodisney, Compaq Computers, and Tandem. The husband shall keep the following stocks and bonds: SNET.
10. Pension and Retirement Funds. The wife shall keep the Dean Whitter and Oppenheimer accounts as shown on her financial statement. By domestic relations order or qualified domestic relations order, whichever is applicable, the wife shall receive 50% of the value, as of the date of dissolution, including all accruals and losses to value through the date of implementation of said domestic relations order, of the Oppenheimer Funds shown on the husband's financial statement in the amount of $23,000.
As to the Connecticut Teacher's Retirement Plan, the husband has elected and shall continue to elect co-participant benefit Plan D 50% on his Connecticut Teacher's Retirement Plan naming the wife as irrevocable beneficiary. The plaintiff shall receive one-half of the monthly benefit payable to the defendant under Plan D 50%. She shall also receive one-half interest in the 1% CT Page 7865 component of his retirement savings, which interest shall be valued as of the date of dissolution, and shall include all accruals or losses in value thereto.
Upon the husband's actual retirement, either party may move to modify alimony based on a change of circumstance as provided by law.
11. Remaining Personal Property. The wife shall transfer her interest in the 1987 Buick station wagon to the defendant. The husband shall transfer his interest in the 1990 Oldsmobile van to the plaintiff. Each shall thereafter be responsible to pay the municipal taxes, insurance, registration and repairs to their respective vehicle.
The parties have agreed and thus the court finds that their remaining personal property has been equitably divided and from this date forward shall remain the property of the one that presently possesses same.
12. Debts. The wife shall be responsible to pay the joint Steinbach and Advanta Mastercard accounts, and any other credit or charge cards in her name. She shall indemnify and hold the husband harmless from liability or loss on same. The husband shall be responsible to pay the MBNA Master card, his credit union loan, and other credit or charge cards in h is name. He shall indemnify and hold the wife harmless from liability or loss on same.
13. Attorneys' Fees. The husband shall pay $2,500 toward the wife's attorneys' fees within 120 days from the date of this order.
Dated July 22, 1998.
Stevens, J.